WELTMAN# 040125170

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

In Re:

Cesar Medina and  
Krystal Anne Medina  
       Debtors,

Case No. 17-05276-LT7

Chapter 7

---

Krystal Anne Medina

       Plaintiff,

v.

National Collegiate Student Loan Trust 2006-3,

       Defendant,

                          /

Adv. No. 19-90065-LT

## **AFFIDAVIT OF BRADLEY LUKE**

STATE OF GEORGIA           )  
                                     )  
COUNTY OF GWINNETT   )

      PERSONALLY APPEARED before me, the undersigned Bradley Luke, who being duly sworn according to law, deposes and says on oath as follows:

      1.    My name is Bradley Luke. I am over eighteen (18) years of age and am competent to testify to the contents of this Affidavit based upon my personal knowledge of the facts and circumstances set forth herein. I am employed by Transworld Systems Inc. as the Director of Operations. In my capacity as Director of Operations, I am duly authorized by

1

National Collegiate Student Loan Trust 2006-3 (NCSLT) to make the representations contained in this Affidavit.

2. TSI has been contracted to perform the duties of Subservicer for NCSLT by U.S Bank, the Successor Special Servicer for NCSLT. TSI, as the Subservicer of NCSLT, is the designated Custodian of Records for NCSLT. As Director of Operations for TSI, I have personal knowledge pertaining to the manner in which records relating to the Plaintiff Krystal Anne Medina's aka Krystal A. Shirley's ("Plaintiff") student loan, Account No. xxxxxxxxx/001-PHEA (the "Loan") was kept by NCSLT and TSI, including, but not necessarily limited to, payments, credits, interest accrual and any other transactions that could impact Plaintiff's Loan. I have personal knowledge as to how NCSLT's records related to Plaintiffs' Loan were created and I am familiar with NCSLT's record keeping systems.

3. Further, I have access to and training on the system of record utilized by TSI and American Education Services (AES) to enter and maintain loan account records and documentation concerning Plaintiffs' Loan with NCSLT.

4. I am familiar with the process by which TSI receives prior account records, including origination records from the time the Loan was requested and/or disbursed to Plaintiff.

5. As custodian of records, it is TSI's regularly-conducted business practice to incorporate prior loan records and/or documentation into TSI's business records.

6. These student loan records are created, compiled and recorded as part of regularly conducted business activity at or near the time of the event and from information transmitted from a person with personal knowledge of said event and a business duty to report it, or from information transmitted by a person with personal knowledge of the accounts or events described

within the business record. Such records are created, kept, maintained, and relied upon in the course of ordinary and regularly conducted business activity.

7. I am further competent and authorized to testify regarding Plaintiffs' Loan through personal knowledge of NCSLT and TSI's business records, including any electronic data provided to TSI and incorporated within TSI's business records that detail Plaintiffs' Loan, and the business records attached to this Affidavit.

8. TSI maintains Plaintiffs' Loan records in its ordinary course of business.

9. I have personally reviewed NCSLT's business records relating to Plaintiffs' Loan and I am familiar with Plaintiffs' Loan at issue in this action. NCSLT's books and records contain loan records and information for Plaintiffs' Loan provided to Plaintiffs by the Original Lender referenced below or its assignee. The Exhibits attached to this Affidavit are true and accurate copies, which were kept in the ordinary course of business and reflect Plaintiffs' NCSLT Loan at issue in this action.

10. The business records furnished by NCSLT show that on June 12, 2006, the Plaintiff executed a Student Loan, Account No. xxxxxxxxx-001-PHEA with JP Morgan Chase Bank N.A. ("JPMorgan") as evidenced by the Note Disclosure Statement and Non-Negotiable Credit Agreement ("Loan"), true and correct copies of which are attached hereto as Exhibits A and A-1.

11. The Loan was made to fund Plaintiff's tuition and cost of attendance to attend the San Diego Culinary Institute for the Academic Period of September 2006 through May 2007 in the amount of $33,149.17. *See* Exhibits A and A-1. The Loan proceeds were disbursed on or about June 20, 2006. *See* Ex. A.

12. The Loan is an educational loan. *See* Exhibit A-1, p.1 and ¶L.12; *See* also Ex. B, p. 26, Exhibit A, Basic Program Design (Describing the Bank One Continuing Education Loan as a "fully credit-tested education loan.")

13. The Loan was made under the Education One© Education One Continuing Education Loan Program. *See* Ex. A-1, p.1.

14. The Loan is subject to the terms and conditions in Exhibit A-1. TSI maintains true and correct copies of all applicable terms and conditions, and the terms and conditions attached in Exhibit A-1 are the true and correct terms and conditions for the Loan.

15. TSI, as custodian of records for NCSLT, is the holder of the original Loan signed by the Plaintiff.

16. When executing the Loan, Plaintiff certified "I understand and agree that this loan is an education loan and certify that is will be used only for costs of attendance at the School. I acknowledge that the requested loan is subject to the limitations on dischargeability in bankruptcy contained in Section 523(a)(8) of the United States Bankruptcy Code because either or both of the following apply: (a) this loan was made pursuant to a program funded in whole or in part by The Education Resources Institute, Inc. ("TERI"), a non-profit institution, or (b) this is a qualified education loan as defined in the Internal Revenue Code. This means that if, in the event of bankruptcy, my other debts are discharged, I will probably still have to pay this loan in full." *See* Ex. A-1, ¶ L 12.

17. A true and correct copy of the Loan-Financial Activity pages from the pre-default servicer American Education System's (AES") system of record, Compass, which is accessible to TSI as the post-default servicer of NCSLT loans is attached as Exhibit A-2.

18. A true and correct copy of the post-default Loan Payment History Report is attached as Exhibit A-3 and shows that as of July 19, 2019, Plaintiff owes NCSLT the sum of $27,735.09 for principal and accrued interest. Plaintiff's last payment on the loan was December 28, 2017.

19. TERI was a non-profit corporation. *See* Exhibit A-1, ¶ L. 12; Exhibit B, p. 1, ¶ 1; Exhibit E p.5, ¶ 1; Exhibit F, p. 1, ¶ 1.

20. TERI guaranteed all Loans made through the Education One© Education One Continuing Education Loan Program. A true and correct copy of the Guaranty Agreement between The Education Resources Institute, Inc. and Bank One, N.A. is attached as Exhibit B.

21. The effective date of the Guaranty was May 13, 2002. See Exhibit B, ¶ 1 and Sec. 1.3.

22. JPMorgan is the successor by merger to Bank One, N.A as of November 13, 2004. See Exhibit E, Schedules B, C & D; See also Exhibit G.

23. JPMorgan continued to originate loans under the Education One© Loan Programs after the merger with Bank One, N.A. See Exhibit A-1, Plaintiff's Loan.

24. TERI's Guaranty of the Education One© Loan Programs remained in full force and effect after the merger because the Guaranty related to the Loan Programs, not to Bank One, N.A. See Exhibit B, Sections 1.6 and 2.1.

25. Plaintiff's Student Loan was made under The Education One Continuing Education Loan Program, one of the programs in the Education One© Loan Program. *See* Ex. A-1, p.1, upper left–hand corner; *See* also Ex. B and its Exhibit A "Basic Program Design"; *See* also Ex. D, Schedule A.

26. TERI guaranteed that it would purchase Program loans upon default. *See* Exhibit B, Sections 1.6 and 2.1.

27. TERI, JPMorgan, successor by merger to Bank One, and the Program Manager approved the schools participating in the Loan Program in its sole discretion in conjunction with First Marblehead Corporation. *See* Ex. B, its Exhibit A, Sec 2. "Participating Schools" & *See* Ex. B, its Schedule D to its Exhibit A, "Participating Schools." See Ex. B, its Exhibit A, Section 2 defining "Program Manager" as The First Marblehead Corporation.

28. TERI was paid a guaranty fee from the individual student loans in the Loan Program. *See*; Ex. B, its Schedule 3.3.

29. The business records furnished by NCSLT show that on or about September 28, 2006, after Plaintiff entered into her Loan, but prior to Plaintiff's last payment on the Loan, JPMorgan, First Marblehead Corporation ("FMC") and National Collegiate Funding LLC ("NCF") entered into a Pool Supplement wherein JPMorgan sold certain student loans to NCF along with its rights under the guaranty agreement with TERI. A true and correct copy of the Pool Supplement is attached hereto as Exhibit C. TERI's Guaranty was assigned to NCF. *See* Ex. C, p. 1, Article 1 & p. 3, Article 5.

30. The business records furnished by NCSLT show that on or about September 28, 2006, after Plaintiff entered into her Loan, but prior to Plaintiff's last payment on the Loan, NCF and NCSLT entered into a Deposit and Sale Agreement, wherein NCF sold the loans to National Collegiate Student Loan Trust 2006-3, and transferred all of its rights and interests under the Pool Agreement to NCSLT. A true and correct copy of the Deposit and Sale Agreement is attached hereto as Exhibit D. The transfer of rights and interests included NCF's rights under the

6

Guaranty Agreement with TERI. *See* Ex. D, Section 3.02. The sale included all loans in Plaintiff's Loan Program, the Education One Loan Program. *See* Ex. D, Schedule A.

31. The business records furnished by NCSLT show that on or about September 28, 2006, after Plaintiff entered into her Loan, but prior to Plaintiff's last payment on the Loan, Wilmington Trust Company, NCF and TERI entered into a Trust Agreement. A true and correct copy of the Trust Agreement is attached hereto as Exhibit E. The Trust was set up primarily to acquire, house and service the loans. *See* Ex. E, Sec. 2.03. TERI's obligation to purchase defaulted loans is recited. *See* Ex. E, Sec. 1.01 ("TERI Guaranty Agreements" and "TERI Guaranteed Loans").

32. The business records furnished by NCSLT show that on or about September 28, 2006, after Plaintiff entered into her Loan, but prior to Plaintiff's last payment on the Loan, TERI, First Marblehead Data Services, Inc. and National Collegiate Student Loan Trust 2006-3 entered into a Deposit and Security Agreement. A true and correct copy of the Deposit and Security Agreement is attached hereto as Exhibit F. Under the Agreement, NCSLT agrees to purchase all loans in the Education One Loan Programs on the condition, in part, that TERI guarantees the loans. *See* Ex. F, p.1, ¶ 2 and its Schedules A & B.

**THIS SPACE INTENIONALLY LEFT BLANK**

33. The Loan has not since been transferred or sold, and all right, title and interest remains with National Collegiate Student Loan Trust 2006-3.

*Bradley Luke*

SWORN TO AND SUBSCRIBED BEFORE ME

ON THIS 9 DAY OF January, 2020.

NOTARY PUBLIC

My Commission Expires: 12/17/2022