Christopher R. Bush CS SBN 243471
The Law Office of Chris Bush
2727 Camino del Rio South, Suite 135
San Diego, CA  92108
Tel. (619) 678-1134
chris@chrisbushlaw.com

Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRYSTAL ANNE MEDINA,<br><br>Debtor. | Case No.: 17-05276-LT7<br><br>Adv. No.: 19-90065-LT |
| KRYSTAL ANNE MEDINA<br><br>Plaintiff<br><br>v.<br><br>National Collegiate Student Loan Trust 2006-3<br><br>Defendant | **OPPOSITION TO MOTION TO FILE DOCUMENT UNDER SEAL**<br><br>Dept.: 3 |

Plaintiff KRYSTAL ANNE MEDINA opposes Defendant National Collegiate Student Loan Trust 2006-3 ("NCSLT")'s Motion to File Document Under Seal.

Bankruptcy Code section 107(a) provides that, with limited exceptions, "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." "Section 107(a) is rooted in the right of public access to judicial proceedings, a principle long-recognized in the common law and buttressed by the First Amendment." *In re Crawford*, 194 F.3d 954, 960 (9th Cir. 1999) (citing, *inter alia*, *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597-98 (1978)). Section 107 thus requires that bankruptcy filings be public unless they are scandalous, defamatory, or contain trade secrets or other

confidential information that is "so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit the entity's competitors." *In re Gibbs*, 2017 WL 6506324 at * 1 (Bankr. D. Haw. 2017) (quotations omitted); *see also In re Kahn*, 2013 WL 6645436 at *3 (B.A.P. 9th Cir. 2013) ("We construe these exceptions narrowly."). Moreover, any exceptions to the public's right to access judicial records must be consistent with the public's First Amendment right to access court records, which cannot be denied absent compelling reasons. See *Courthouse News Service v. Planet*, 750 F.3d 776, 785-88 (9th Cir. 2014).

      Contrary to plaintiff's assertion, devoid of any evidentiary support, that the documents "are deemed proprietary and confidential," there is no justification under section 107 or otherwise for sealing the documents. The documents are over 17 years old ("EXECUTION 4/18/02" per Docket 22-6) and pertain to an entity that entered bankruptcy in 2008 and has long since been liquidated. See *In re The Education Resources Institute, Inc*. Case No. 08-12540 (Bankr. D, Mass). Defendants thus have no legitimate business reason for sealing them. Rather, Plaintiff believes Defendants want the documents sealed to enhance their position in discharge litigation with other debtors throughout the country—litigation in which debtors and courts are increasingly questioning Defendants' arguments. See, e.g., *In re Page*, 592 B.R. 334, 339 (B.A.P. 8th Cir. 2018) (reversing bankruptcy court's summary judgment that TERI's guarantee of loan constituted "funding" of that loan for nondischargeability purposes); *In re Golden*, 596 B.R. 239, 266-67 (Bankr. E.D.N.Y. 2019) (holding that mere recitations in loan documents as to TERI's role were not sufficient to establishing the nondischargeability of student loans).

      Defendants' desire to oppose the discharge of student loans is not a valid reason for sealing bankruptcy court records. The public has a right to see these records, as do debtors and other interested parties, so that they may understand Defendants' position and evaluate the effect the agreements may have on debtors' rights in bankruptcy. / / /

Furthermore, Plaintiff has reason to believe that the documents at issue have *already* been ordered unsealed in a different case. See *Mata v. National Collegiate Student Loan Trust 2006-1*, et al. Bankr. CD Cal. 18-ap-01089. Accordingly, sealing them in the instant case is futile.

For the foregoing reasons, Defendant's Motion to File Documents under Seal should be denied.

Date:  __1/9/2020__             __/s/ Christopher R. Bush_____
                                Christopher R. Bush, Attorney for Plaintiff