Christopher R. Bush CS SBN 243471
The Law Office of Chris Bush
2727 Camino del Rio South, Suite 135
San Diego, CA 92108
Tel. (619) 678-1134
chris@chrisbushlaw.com

Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRYSTAL ANNE MEDINA,<br><br>Debtor. | Case No.: 17-05276-LT7<br><br>Adv. No.: 19-90065-LT |
| KRYSTAL ANNE MEDINA<br><br>Plaintiff<br><br>v.<br><br>National Collegiate Student Loan Trust 2006-3<br><br>Defendant | **PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: February 6, 2020<br>Time: 11:00 AM<br>Dept.: 3 |

Plaintiff, Krystal Anne Medina, hereby Objects to the Admission of evidence submitted by Defendant, National Collegiate Student Loan Trust 2006-3, as follows.

**1) Omnibus Objection to Exhibits**

Plaintiff objects to *all* of Defendant's Exhibits as they have been presented without proper foundation. It may be that some of these Exhibits are admissible as business records, and some may be admissible as public records, but no proper foundation has been laid to do so. Rather, Plaintiff has simply submitted a great number of documents and asked that we infer the evidentiary rule permitting their admission.

/ / /

/ / /

### 2) Affidavit of Bradly Luke (Docket 22-1)

Plaintiff Objects to the Affidavit of Bradley Luke in that he attempts to authenticate business records from prior to the time TSI possessed the records, testifies with regards to matters for which he has no personal knowledge, and asserts legal conclusions. Mr. Luke testifies that he "has personal knowledge as to how *NCSLT's* records related to Plaintiff's loan were created" (22-1 Para. 2; emphasis added) and "I am familiar with *NCSLT's* record keeping systems." (22-1 Para. 2; emphasis added) He further testifies that he "is familiar with the process by which **TSI receives** prior account records." (22-1 Para. 4; emphasis added) He also testifies that he has "access to and training on the system of record used by… AES to enter and maintain loan account records and documentation concerning Plaintiff's loan with NCSLT." (22-1 Para. 3) And he states that, "it is TSI's regularly-conducted business practice to incorporate *prior loan records and/or documentation* into TSI's business records." (22-1 Para. 5; emphasis added) He does *not* testify that he is familiar with the creation of, or record keeping systems of, any other entity responsible for the production or keeping of these "prior loan records and/or documentation," including, specifically, AES, JP Morgan Chase Bank N.A., or The Education Resources Institute.

It further should be noted that the shortcomings in Mr. Luke's affidavit have been explicitly noted in other similar proceedings. See *In re Holguin*, 2019 WL 6880081, at *6 (Bkrtcy. D.N.M. 2019) ("The Luke Affidavit's self-serving statement that he has 'personal knowledge' that TERI paid out on some of its guarantees, without any supporting documentation, is ineffective. . . unless the affiant was present to witness a payout on the guaranty, the witness cannot have 'personal knowledge.'").

Plaintiff Objects to the Affidavit's Paragraph 6, to the extent it applies to any records created or maintained by any entity other than TSI.

Plaintiff Objects to the Affidavit's Paragraph 7, to the extent it applies to any records created or maintained by any entity other than TSI.

/ / /

     Plaintiff Objects to the Affidavit's Paragraph 9, to the extent it applies to any records created or maintained by any entity other than TSI.

     Plaintiff Objects to the Affidavit's Paragraph 11, to the extent it draws a legal conclusion. <u>Williams v. City of Bakersfield</u>, 2017 WL 1215766, at *5 (E.D. Cal., 2017) ("[L]egal conclusions ... are not facts and likewise will not be considered on a motion for summary judgment."); <u>Ramada Worldwide, Inc. v. Rip Management Group Corp.</u>, 2009 WL 1810733, at *1 (D. N.J. 2009) ("[T]he Court is capable of distinguishing legal conclusions from fact and has done just that in deciding this motion."); <u>Mendez v. Federal Reserve Bank of Dallas</u>, 2011 WL 7053625, at *5 (W.D.Tex.,2011)("Legal conclusions are also useless as summary judgment evidence."); <u>Palmer v. Shawnee Mission Medical Center, Inc.</u>, 355 F.Supp.3d 1003, 1009 (D.Kan., 2018) ("[T]o the extent plaintiffs ask the court to accept any legal conclusion the CMS documents may contain, the court cannot consider that kind of evidence on summary judgment.")

     Plaintiff Objects to the Affidavit's Paragraph 12, to the extent it draws a legal conclusion. *Id.*

     Plaintiff Objects to the Affidavit's Paragraph 13, to the extent it draws a legal conclusion. *Id.*

     Plaintiff Objects to the Affidavit's Paragraph 14, to the extent it purports to authenticate documents not created or maintained by TSI.

     Plaintiff Objects to the Affidavit's Paragraph 15, to the extent it purports to authenticate documents not created or maintained by TSI.

     Plaintiff Objects to the Affidavit's Paragraph 16, to the extent it draws a legal conclusion. <u>Williams v. City of Bakersfield</u>, et al. (above).

     Plaintiff Objects to the Affidavit's Paragraph 17, to the extent it purports to authenticate documents not created or maintained by TSI.

     Plaintiff Objects to the Affidavit's Paragraph 19; Affiant is not testifying as to personal knowledge, rather, Affiant is asserting a legal conclusion.

/ / /

Plaintiff Objects to the Affidavit's Paragraph 20. Affiant swears that the document is a "true and correct copy of the Guaranty Agreement… ." However, the document has been redacted. *See* Ex Parte Motion to File Document Under Seal, Docket 24, P. 1, Lines 24-28. *See also* Docket 22-6, P. 13 ("SECTION 4: INTENTIONALLY OMITTED") *and* Pages 31 – 34 (referencing exhibits that appear to have been redacted).

Plaintiff Objects to the Affidavit's Paragraph 21; Affiant is not testifying as to personal knowledge, rather, Affiant is asserting a legal conclusion.

Plaintiff Objects to the Affidavit's Paragraph 23; Affiant is not testifying as to personal knowledge, rather, Affiant is asserting a legal conclusion.

Plaintiff Objects to the Affidavit's Paragraph 24; Affiant is not testifying as to personal knowledge, rather, Affiant is asserting a legal conclusion.

Plaintiff Objects to the Affidavit's Paragraph 25; Affiant is not testifying as to personal knowledge, rather, Affiant is asserting a legal conclusion. Additionally, Affiant cites to information redacted from the record. Also draws a legal conclusion that the pool agreement dated September 28, 2006 (Docket 22-8) applied to loans made prior to the agreement in June 2006 (Docket 22-2).

Plaintiff Objects to the Affidavit's Paragraph 26; Affiant is not testifying as to personal knowledge, rather, Affiant is asserting a legal conclusion.

Plaintiff Objects to the Affidavit's Paragraph 27; Affiant is not testifying as to personal knowledge, rather, Affiant is asserting a legal conclusion based upon documentary evidence not in the record.

Plaintiff Objects to the Affidavit's Paragraph 28; Affiant has no personal knowledge of whether all parties actually performed under the terms of the purported contract.

Plaintiff Objects to the Affidavit's Paragraph 29; Affiant is not testifying as to personal knowledge, rather, Affiant is asserting a legal conclusion.
/ / /

**3) Defendant's Exhibit B "Guarantee Agreement" (Docket 22-6)**

Plaintiff objects to the admission of this document in its entirety. By its own admission, the document is not a true and correct copy of the original document; the document has been redacted. *See* Ex Parte Motion to File Document Under Seal, Docket 24, P. 1, Lines 24-28. *See also* Docket 22-6, P. 13 ("SECTION 4: INTENTIONALLY OMITTED") *and* Pages 31 – 34 (referencing exhibits that appear to have been redacted).

Date:   __1/23/2020____          _/s/ Christopher R. Bush_____
                                 Christopher R. Bush, Attorney for Plaintiff