SCOTT S. WELTMAN, ESQ.
(State Bar No. 145215)
colcaecf@weltman.com
**Weltman, Weinberg & Reis Co., L.P.A.**
965 Keynote Circle
Brooklyn Heights, OH 44131
Telephone: (216) 685-1032
Facsimile: (216) 363-4086
WWR# 040284515
Attorney for Defendant,
National Collegiate Student Loan Trust 2006-3

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA (SAN DIEGO)

| | |
|---|---|
| In re<br><br>Cesar Medina and Krystal Anne Medina,<br><br>Debtors.<br>_____<br><br>Krystal Anne Medina,<br><br>Plaintiff.<br>vs.<br><br>National Collegiate Student Loan Trust 2006-3,<br><br>Defendant. | Bankruptcy Case No. 17-05276-LT<br>Chapter 7<br>Honorable Chief Judge Laura S. Taylor<br><br><br>Adversary Proceeding No. 19-90065-LT<br><br><br><br>**MOTION TO STRIKE DECLARATION OF PROFESSOR JOHN BROOKS II** |

  Defendant National Collegiate Student Loan Trust 2006-3 ("NCSLT") by counsel, and pursuant to Bankr. R. 7012(f), requests that this Court strike as immaterial the Declaration of Professor John Brooks II ("Declaration") and its exhibits, attached to Plaintiff's Response to NCSLT's Supplemental Brief in Support of Motion for Summary Judgment, and in support, states as follows.

  This Court's March 11, 2020 Minute Order asked NCSLT to file supplemental evidence of TERI's nonprofit status and that a guarantee is equivalent to funding. Supporting Memorandum were limited to 10 pages, including the caption. NCSLT complied.

The Minute Order permitted Plaintiff to respond and limited the response to 10 pages. NCSLT was not given leave to file a Reply. Plaintiff filed a 16-page Amended Response and attached purportedly new evidence in the form of a 9-page *unsworn* Amended Declaration of Professor John Brooks II, with 621 pages of exhibits. The Court requested NCSLT to supplement the evidence, not Plaintiff.

The Declaration should be stricken. First, it is *unsworn* and of no evidentiary value. Declarations must be made under penalty of perjury. 28 U.S. Code § 1746.

Second, even if the Declaration was sworn, Professor Brooks II admits that he does not have the information necessary to determine whether or not TERI was operating as a nonprofit. In paragraph 19, he states "If and/or when the Movant produces these records, I would then be in a position to offer a formal opinion on TERI's corporate character and whether it was being operated for private benefit based upon my specialized training and expertise." In other words, he is not in a position to offer an opinion on TERI's "corporate character."

Moreover, it is Plaintiff's obligation to produce evidence to support her position. The Declaration makes it clear that Plaintiff does not have the evidence Brooks believes is necessary to support her position that TERI did not operate as a nonprofit.

Third, it is fundamentally unfair to introduce new evidence when NCSLT does not have the opportunity to respond. The alternative is that NCSLT requests leave to respond, potentially leaving the Court and the parties with an endless briefing schedule, which appears from the last Minute Order the Court does not want.

The Declaration and its exhibits should be stricken because it is unsworn, not made under penalty of perjury, introduces new evidence when NCSLT does not have an opportunity to reply, and by its own admission, cannot render an opinion on TERI's "corporate character." Therefore, the Declaration has no evidentiary value and is immaterial.

Wherefore, for the reasons stated above, Defendant National Collegiate Student Loan Trust 2006-3 requests that this Court strike the Declaration of Professor John Brooks II and its exhibits.

                                                          Respectfully submitted,

Dated: May 4, 2020                    /s/ Scott S. Weltman
                                                    Scott Weltman (SBN 145215)
                                                    **Weltman, Weinberg & Reis, Co. L.P.A.**
                                                    Attorney for Defendant,
                                                    National Collegiate Student Loan Trust 2006-3

SCOTT S. WELTMAN, ESQ.
(State Bar No. 145215)
colcaecf@weltman.com
**Weltman, Weinberg & Reis Co., L.P.A.**
965 Keynote Circle
Brooklyn Heights, OH 44131
Telephone: (216) 685-1032
Facsimile: (216) 363-4086
WWR# 040284515
Attorney for Defendants,
National Collegiate Student Loan Trust 2006-3

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA (SAN DIEGO)

| | |
|---|---|
| In re | |
| Cesar Medina and Krystal Anne Medina, | Bankruptcy Case No. 17-05276-LT |
| | Chapter 7 |
| Debtors. | Honorable Chief Judge Laura S. Taylor |
| _____ | |
| Krystal Anne Medina, | Adversary Proceeding No. 19-90065-LT |
| Plaintiff. | |
| vs. | **[PROPOSED] ORDER STRIKING DECLARATION OF PROFESSOR JOHN BROOKS II** |
| National Collegiate Student Loan Trust 2006-3, | |
| Defendant. | |

This matter comes before the Court on Defendant National Collegiate Student Loan Trust 2006-3's Motion pursuant to Bankr. R. 7012(f) to Strike as immaterial the Declaration of Professor John Brooks II and its exhibits, the parties being properly noticed, and the Court being fully advised,

IT IS HEREBY ORDERED:

The Declaration of Professor John Brooks II and its exhibits attached to Plaintiff's Response to NCSLT's Supplemental Brief in Support of Motion for Summary Judgment is stricken.