TENTATIVE RULING

ISSUED BY JUDGE LAURA S. TAYLOR

Adversary Case Name:    Krystal Anne Medina v. National Collegiate Student Loan Trust 2

Adversary Number:       19-90065

Case Number:            17-05276-LT7

Hearing:                10:00 AM  Wednesday, June 3, 2020

Motion:     MOTION FOR SUMMARY JUDGMENT FILED ON BEHALF OF NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3 (fr 3/11/20)

Hear.

Given the current public health emergency, all hearings will be TELEPHONIC until further order.  Personal attendance at the June 3, 2020, hearing in this matter is therefore excused.  All interested parties are to appear – and the public may freely monitor – by telephone.  Please contact the courtroom deputy clerk at 619-557-5157 to make the necessary arrangements.

    The Court is aware of the parties' stipulation to continue this matter for further briefing.  See Dkt. No. 57.  However, rather than allowing Defendant to add another layer of briefing reverting back, presumably, to the theory that TERI funded the loan program by guaranteeing loans made thereunder, the Court likely will deny the current motion, without prejudice, and require that a renewed motion for summary judgment be filed with all supporting authorities and evidence.  The motion must be filed using the dates stipulated to by the parties: motion to be filed by June 24, 2020; opposition to be filed by July 8, 2020; and reply to be filed by July 15, 2020.  The matter will be heard on August 5, 2020 at 10:00 a.m.  The Court should not be required to ping pong through Defendant's discordant submissions.

    Before the stipulation was filed, the Court had already identified the infirmity of Defendant's new position that TERI had actually funded the Loan to Plaintiff and was prepared to issue a tentative on the issue:

> If the Check were the only evidence before the Court the Court might be inclined to find it sufficient to establish that TERI funded this Loan.  However, this is inconsistent with other evidence provided by Defendant.  For example, the Loan Agreement provides that JPMorgan,

not TERI, was the lender on this Loan, and TERI was included as the guarantor. There is no evidence that JPMorgan assigned its rights under the Loan to TERI. Further, Defendant's claim to rights under the Loan is based upon a sale from JPMorgan, not TERI.

Despite Defendant's new theory, Mr. Luke declares that "TERI guaranteed all Loans made through the [Program]…" Dkt. No. 46-2. Not only does Mr. Luke still lack the personal knowledge to make this assertion, but it is inconsistent with the new claim that TERI actually funded this Loan. Is Defendant contending that TERI guaranteed repayment of its own loan? If so they have provided no authority for the proposition that a lender can serve as its own guarantor. There is also the issue of the Guaranty Fees TERI collected on the loans made under the Program: did TERI collect a Guaranty Fee on this Loan that Defendant now claims TERI also made?

Finally, the argument that TERI actually funded this Loan with its own funds simply makes no sense: under Defendant's new theory TERI would be out $30,000.00 with no claim to recover the funds from Plaintiff. JPMorgan, on the other hand, would have a claim against Plaintiff without having funded the Loan.

The Court is glad that Defendant is now withdrawing the argument, but it never should have been made in the first place.

The Court's tentative would also have addressed the shortcomings with respect to the Court's request for further evidence as to the non-profit status of TERI:

The Court is troubled by two omissions [in Defendant's supplemental evidence].

First, at the hearing the Court suggested it wanted evidence of TERI's standing with the taxing authorities in the plural, obviously referring to Massachusetts and the IRS. However, Defendant's supplemental evidence is silent as to the IRS, which is curious as they relied on such evidence in the *Rodriquez* case discussed below. Presumably had TERI's tax exempt status been revoked Plaintiff would have provide that evidence. However, this is Defendant's motion for summary judgment, and it is Defendant's burden to establish all elements of § 523(a)(8).

Second, at the hearing counsel for Plaintiff raised the issue of amendments to TERI's Articles and the Court asked that the record be supplemented with any such amendments. However, Defendant's supplemental evidence contains only the original Articles and there is no declaration from Mr. Luke or anyone else establishing that the Articles had not been amended.

The court in *Rodriguez v. The Education Resources Institute, Inc, (In re*

*Rodriguez),* found that TERI is a nonprofit institution:

> TERI is a private nonprofit institution organized under the laws of Massachusetts providing financial assistance to students enrolled in higher education programs throughout the United States. As set forth in TERI's articles of organization, TERI is operated exclusively for charitable and educational purposes through assisting students in attaining an education and through assisting educational institutions in providing an education in an economical fashion. No part of TERI's earnings may inure to the benefit of any director or employee. TERI is also treated as a tax-exempt nonprofit organization by the Internal Revenue Service and qualifies as such pursuant to sections 501(a) and 501(c)(3) of the Internal Revenue Code and has been provided tax exempt status by the Massachusetts Department of Revenue.

319 B.R. 894, 895–96 (Bankr. M.D. Fla. 2005)(citations to the record omitted).

The Court will require Defendant yet again to supplement the record with admissible evidence of TERI's standing with the IRS and with any amended articles (or by-laws if relevant), or a declaration that no such amendments exist. The Court will not grant summary judgment that TERI was a nonprofit at the relevant times without such evidence.

If Defendant continues to seek summary judgment these shortcomings should be resolved.

If the parties wish to argue against this tentative they may do so. If not they should inform the Court in which case the matter will be taken off calendar and appearances will be excused, and the motion will be denied without prejudice as discussed above.