TENTATIVE RULING

ISSUED BY JUDGE LAURA S. TAYLOR

Adversary Case Name:	Krystal Anne Medina v. National Collegiate Student Loan Trust 2

Adversary Number:	19-90065

Case Number:	17-05276-LT7

Hearing:	10:00 AM  Wednesday, August 5, 2020

Motion:	PLAINTIFF'S EVIDENTIARY OBJECTIONS WITH RESPECT TO MOTION FOR SUMMARY JUDGMENT FILED ON BEHALF OF NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3

Hear.

Given the current public health emergency, all hearings will be by VIDEO CONFERENCE.  Personal attendance at the August 5, 2020, hearing in this matter is therefore excused.  All interested parties are to appear by video.  The public may freely monitor by telephone.  Please contact the courtroom deputy at 619-557-5157 to make the necessary arrangements.

In support of its motion for summary judgment, National Collegiate Student Loan Trust 2006-3 ("Defendant") relies, in part, on the Declaration of Bradley Luke, ("Luke Declaration") Dkt. No. 64-1 and exhibits attached thereto.

As to the exhibits, Plaintiff complains:

Plaintiff Objects to the Affidavit of Bradley Luke in that he attempts

> to authenticate business records from prior to the time TSI possessed the records, testifies with regards to matters for which he has no personal knowledge, and asserts legal conclusions. Mr. Luke testifies that he has "personal knowledge as to how NCSLT's records related to Plaintiff's loan were created" (64-1 Para. 2; emphasis added). He does not testify that he is familiar with the creation of, or record keeping systems of, any other entity responsible for the production or keeping of these "prior loan records and/or documentation," including, specifically, AES, JP Morgan Chase Bank N.A., or The Education Resources Institute.

Dkt. No. 68-1. Though not expressed, Plaintiff appears to be arguing that Defendant's evidence is inadmissible hearsay.

As for the exibits to the Luke Declaration, they appear to be excepted as business records. As the court explained in *Krawczyk v. Centurion Capital Corp.*,

> Rule 803(6) provides that regularly kept business records may be admitted to prove the truth of the matters asserted therein because they are presumed to be exceptionally reliable. Fed.R.Evid. 803(6); *U.S. v. Emenogha*, 1 F.3d 473, 483–484 (7th Cir.1993). To qualify as business records under Rule 803(6): "1) the document must be prepared in the normal course of business; 2) it must be made at or near the time of the events it records; and 3) it must be based on the personal knowledge of the entrant or on the personal knowledge of an informant having a business duty to transmit the information to the entrant." *Datamatic Servs., Inc. v. United States,* 909 F.2d 1029, 1032 (7th Cir.1990). "The admissibility of business records is entrusted to the broad discretion of the trial court, and the court's ruling will not be disturbed absent an abuse of that discretion." *Id.*

2009 WL 395458, at *4 (N.D. Ill. Feb. 18, 2009). To qualify documents as business records, Rule 803(6) does not require the witness herself to have created the records about which she is testifying. *Id.* (Citing *Thanongsinh v.*

*Board of Educ.*, 462 F.3d 762, 777 (7th Cir.2006). "Rather, a custodian or otherwise qualified witness must explain the record-keeping procedures of the organization and testify that she has knowledge of the procedures under which the records were created. Moreover, personal knowledge of business records may be inferred from a declarant's position within a company. Ultimately, the primary emphasis of Rule 803(6) is on the "reliability or trustworthiness of the records sought to be introduced." *Id.*

A current holder of business records may rely on business records created before their receipt, which is common in the case of assigned debt. *See Beal Bank, SSB v. Eurich:*

> We recognize that "[t]he problem of proving a debt that has been assigned several times is of great importance to mortgage lenders and financial institutions."  Given the common practice of banks buying and selling loans, we conclude that it is normal business practice to maintain accurate business records regarding such loans and to provide them to those acquiring the loan. Therefore, the bank need not provide testimony from a witness with personal knowledge regarding the maintenance of the predecessors' business records. The bank's reliance on this type of record keeping by others renders the records the equivalent of the bank's own records.  To hold otherwise would severely impair the ability of assignees of debt to collect the debt due because the assignee's business records of the debt are necessarily premised on the payment records of its predecessors.

444 Mass. 813, 818–19, 831 N.E.2d 909, 914 (2005) (citations omitted.)

Mr. Luke declares that he is employed by Transworld Systems Inc., ("TSI"), as the Director of Operations and that he is duly authorized by Defendant to make his declaration. He declares that he has knowledge of how TSI's records are received and maintained. Plaintiff has raised no objection to any particular exhibit. And it is worth noting that Plaintiff does not deny receipt of the

loan. Nor does she deny receipt of these documents. Nor does she argue that the documents are inaccurate.

The Court is inclined to find that Mr. Luke is qualified to authenticate the exhibits to the extent the Court relies on them in deciding the motion for summary judgment:  Exhibit A ("Note Disclosure Statement"); Ex. B ("Credit Agreement"); Ex. E ("Guaranty Agreement" between TERI and Bank One); Ex. F ("2006-3 Pool Supplement"); Ex. G ("Deposit and Sale Agreement"); Ex. H ("Trust Agreement"); Ex. I ("Deposit and Security Agreement"); and, to a lesser extent, Ex. K. (printout of assignment of William Money claim to TERI.)

Plaintiff also objects to various statements in the Luke Declaration.  The Court has not relied on the specific statements in isolation. For example, paragraph 15 could support that TERI funded the loan as the declaration supports that the lender advanced funds through a TERI account; but the Court does not rely on TERI's status as a conduit for a determination that it "funded" the program at issue. The statements in paragraphs 22 and 24 are not helpful to the Court. The "objections" to paragraphs 31, 32, and 37 are not really evidentiary objections; they reflect argument as to the quality of the evidence. The Court will consider them as going to weight.

To the extent the objection is that a paragraph does not "reflect the content" of an exhibit, the objection appears to lack merit.  The document's contents can and should be discerned by reading it.