UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRYSTAL ANNE MEDINA,<br><br>                    Appellant,<br><br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3,<br><br>                    Appellee. | Case No.: 3:20-cv-01912-BEN-MDD<br><br>**ORDER ON BANKRUPTCY APPEAL** |

This is a bankruptcy appeal. Plaintiff Krystal Anne Medina sought a ruling that her student loan debt owed to Defendant National Collegiate Student Loan Trust 2006-3 (the "Trust") was dischargeable in her Chapter 7 bankruptcy case. Appellant's Br., ECF No. 8, 11.[1] The Trust argued the loan was non-dischargeable. Appellee's Br., ECF No.

---

[1] Page numbers refer to the ECF-generated page number appearing at the top of each ECF-filed document. Where the ECF No. is preceded by "BK," the ECF No. reference shall refer to the docket in the underlying bankruptcy proceeding related to this appeal in *In re Medina*, United States Bankruptcy Court for the Southern District of California Case No. 17-BK-05276 (Aug. 31, 2017) (the "Bankruptcy Action"). Where the ECF No. is preceded by "AP," Where the ECF No. is preceded by "AP," the ECF No. reference shall refer to the docket in the underlying adversary proceeding giving rise to this appeal in *Krystal Anne Medina v. Am. Educational Services* United States Bankruptcy Court for the Southern District of California Case No. 19-90065-LT.

15, 8-9. The United States Bankruptcy Court for the Southern District of California granted summary judgment for the Trust, finding the loan non-dischargeable because Medina failed to present evidence creating a triable issue of fact as to whether she could discharge the loan. Findings of Fact & Conclusions of Law ("FFCL"), ECF No. 1-2, 12-13. Medina appealed that ruling to this Court. Appellate Election, ECF No. 1. As set forth below, the Court **AFFIRMS** the Bankruptcy Court's decision.

## I. BACKGROUND

This case asks whether the loan at issue falls within a class of loans that Congress made non-dischargeable in bankruptcy proceedings. *See* 11 U.S.C. § 523(a)(8) ("Section 523(a)(8)"). Debtors may seek to discharge most loans in bankruptcy, but the Bankruptcy Act carves out exceptions for certain loans, making them non-dischargeable. *See id.* In this case, the Bankruptcy Court found Medina's loan was an "educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution," and as such was non-dischargeable in bankruptcy. 11 U.S.C. § 523(a)(8)(A)(i).

In 2006, Medina entered into a Non-Negotiable Credit Agreement (the "Loan") with JP Morgan Chase Bank N.A. ("JP Morgan") to acquire $33,149.17 that would allow her to attend the San Diego Culinary Institute. FFCL, ECF No. 1-2, 5. The Bankruptcy Court found that the Trust later purchased the Loan from JP Morgan, and as discussed below, Medina did not challenge that finding of fact before the Bankruptcy Court, though she had the opportunity to do so. *See id*.

The Loan package Medina received included the terms and conditions of the Loan. FFCL, ECF No. 1-2, 5. The terms and conditions describe The Education Resources Institute, Inc. ("TERI") as the guarantor of the Loan and explicitly describe the Loan as non-dischargeable in bankruptcy. *Id*. Thus, through a Trust Agreement with the creditor, TERI guaranteed that it would reimburse the Loan holder if Medina or other borrowers using the same loan program defaulted on their loans. *Id*. at 6. Though the Bankruptcy Court found TERI made this guarantee, it did not find that TERI actually paid on

guaranty. *Id*.

The terms and conditions also stated TERI was a nonprofit institution, and that the Loan may be non-dischargeable in bankruptcy. FFCL, ECF No. 1-2, 5. Specifically, the terms and conditions stated:

> I understand and agree that this loan is an education loan and certify that it will be used only for costs of attendance at the School. I acknowledge that the requested loan is subject to the limitations on dischargeability in bankruptcy contained in Section 523(a)(8) of the United States Bankruptcy Code because *either or both* of the following apply: (a) *this loan was made pursuant to a program funded in whole or in part by The Education Resources Institute, Inc. ("TERI"), a non-profit institution*, or (b) this is a qualified education loan as defined in the Internal Revenue Code. *This means that if, in the event of bankruptcy, my other debts are discharged, I will probably still have to pay this loan in full*.

*Id*. (emphasis added). In 2008, TERI filed for reorganization under Chapter 11 of the Bankruptcy Court. *Id*. at 8; *see also* United States Bankruptcy Court for the District of Massachusetts Case No. 08-12540. In that proceeding, all guaranty agreements executed in favor the lenders were deemed rejected in exchange for TERI's agreement to pay out amounts exceeding the anticipated default rates of outstanding loans. Appellant's Br., ECF No. 8, 21.

On August 31, 2017, Medina and her husband, Cesar Medina, jointly filed for a voluntary petition for Chapter 7 relief under the Bankruptcy Code. BK, ECF No. 1. Her petition listed $28,926.00 in student loans. BK, ECF No. 1, 9, 35. However, it did not provide notice to the Trust, JP Morgan, or TERI.[2] *See id.* at 75-80; *see also id.* BK, ECF

---

[2] In a no-asset case, such as Medina's, the Ninth Circuit has held that once the case is closed, even if a debtor omitted a debt or creditor from his or her schedules or failed to provide notice, the debt at issue will remain discharged. *In re Beezley*, 994 F.2d 1433, 1434 (9th Cir. 1993). However, if an omitted debt is a typed covered by Section 523(a),

No. 16-1 at 1-2 (showing that the discharge order also did not include the aforementioned entities in the notice). On November 28, 2017, the Bankruptcy Court ordered discharge of Medina's pre-petition debt and the Trust was notified of discharge. *Id.* at ECF No. 16. Although Appellant notes that the Trust continued to attempt to collect on the Loan after the discharge, Appellant's Br., ECF No. 8 at 22, she never provided notice to the Trust in her original bankruptcy proceeding, and the discharge order itself clearly indicated that student loan debt was not encompassed by the order, *see* BK, ECF No. 16 at 2 (stating that "[s]ome debts are not discharged" and listed among the examples of debts not discharged by the order "debts for most student loans").

On June 28, 2019, Medina filed an adversary complaint against the Trust, alleging one claim for determination of dischargeability of the Loan debt pursuant to 11 U.S.C. § 523(a)(8). AP, ECF No. 1-1. Medina alleged that (1) her school was a private, for-profit enterprise at the time she attended; (2) the Loan was neither made, insured, or guaranteed by a governmental unit nor made under any program funded by a governmental or nonprofit entity; and (3) at the time Plaintiff attended the school, it was not eligible for participation in a program under Title IV of the Higher Education Act of 1965. *Id.* at 1-1, 2. In the Bankruptcy Court's order granting summary judgment in favor of the Trust, the Bankruptcy Court determined that "the Loan qualifies under § 523(a)(8)(A)(i), because it is made through a loan program which was guaranteed by a nonprofit," TERI. AP, ECF No. 74, 1-2.

To reach that conclusion, the Bankruptcy Court made two factual findings Medina now disputes. First, Medina challenges the Bankruptcy Court's finding that she did not present evidence creating a material issue of fact as to whether TERI is a nonprofit. Appellant's Br., ECF No. 8, 3. Second, she argues there is at least a genuine issue of

---

it was never discharged in the first place, meaning the pursuit of repayment does not violate the injunction. *See id.*

4

material fact that TERI did not guarantee the loan program under which Medina's Loan originated. *Id*. at 2-3.

Based on those allegedly erroneous findings, Medina argues the Bankruptcy Court erred in concluding the Loan is an educational loan subject to Section 523(a)(8).

## II. STANDARD OF REVIEW

A district court has jurisdiction to hear bankruptcy appeals. 28 U.S.C. §§ 158(a)(1), (3) and 1334. "On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

The Bankruptcy Court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed de novo. *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010); *In re Tamen*, 22 F.3d 199, 203 (9th Cir. 1994) ("Where the interpretation of a contract involves review of extrinsic evidence, this court reviews findings of fact for clear error while reviewing *de novo* the principles of law applied to those facts.").

"A mixed question of law and fact occurs when the facts are established, the rule of law is undisputed, and the issue is whether the facts satisfy the rule." *In re Winick*, 610 B.R. 651, 657 (S.D. Cal. 2019). When reviewing a mixed question of law and fact, the level of deference given to the Bankruptcy Court depends "on whether answering it entails primarily legal or factual work." *U.S. Bank Nat'l Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Village at Lakeridge, LLC*, 138 S.Ct. 960, 966 (2018).

A bankruptcy court's decision regarding whether a plaintiff has stated a cause of action under § 523(a) is a question of law, which the district court reviews *de novo*. *See In re Apte*, 180 B.R. 223, 227 (B.A.P. 9th Cir. 1996) aff'd, 96 F.3d 1319 (9th Cir. 1996).

## III. ANALYSIS

The Court first addresses Medina's two factual arguments before turning to her challenge to the Bankruptcy Court's legal conclusion.

### A. The Bankruptcy Court correctly determined TERI was a nonprofit institution

The Bankruptcy Court found TERI was a "nonprofit institution" within the meaning of Section 523(a)(8). FFCL, ECF No. 1-2, 6. However, Medina argues the Bankruptcy Court erred because there is insufficient evidence that TERI was or is a *bona fide* nonprofit. Appellant's Br., ECF No. 8, 38-41. As a factual determination, the Court reviews this finding for clear error. *In re JTS Corp.*, 617 F.3d at 1109.

To trigger Section 523(a)(8) and make Medina's loan non-dischargeable absent hardship, TERI must be a nonprofit. 11 U.S.C. § 523(a)(8)(A)(i). Conversely, if TERI does not meet the definition of a nonprofit, Medina's loan could be discharged with a showing of hardship. *Id.* In granting summary judgment for the Trust, the Bankruptcy Court found there was no genuine issue of material fact as to whether TERI was, in fact, a nonprofit. FFCL, ECF No. 1-2, 6.

Section 523(a)(8) does not define "nonprofit institution." However, this Court is not the first to address whether TERI qualifies as a nonprofit under Section 523(a)(8).[3] Some courts evaluating whether TERI is a nonprofit have examined statements on loan documents warning that the loan may be excepted from discharge as informative—though not conclusive—of TERI's nonprofit status. *See In re Golden*, 596 B.R. 239, 267 (Bankr. E.D.N.Y. 2019). Outside the context of TERI-guaranteed loans, other courts have looked at whether the organization has tax exempt status pursuant to 26 U.S.C. § 501(c)(3). *See In re McFadyen*, 192 B.R. 328, 331-32 (Bankr. N.D.N.Y. 1995) (citing *In re Rosen*, 179 B.R. 935, 940 (Bankr. D. Or. 1995)). The Bankruptcy Court considered both of these factors, as well as "whether TERI refrained from distributing net earnings to shareholders." FFCL, ECF No. 1-2, 10-11 (citing cases).

Here, the Bankruptcy Court found TERI is a nonprofit institution. FFCL, ECF No.

---

[3] The Bankruptcy Court thoroughly listed and analyzed many of these cases in its Order. *See* ECF No. 1-2, 9-10.

1-2, 6. In reaching this finding, the Bankruptcy Court noted that the terms and conditions of the Loan describe TERI as a nonprofit institution and warn that the Loan may be non-dischargeable in bankruptcy. *Id.* at 5. It also noted that (1) TERI's Articles of Organization require its activities to conform with 26 U.S.C. § 501(c)(3) and (2) TERI consistently declared itself to be a nonprofit organization, even when it filed for bankruptcy in 2008. *Id.* at 6-8. While Medina protests that the Trust was unable to find proof of TERI's tax-exempt status, the Court finds no "clear error" in these factual findings. *In re JTS Corp.*, 617 F.3d at 1109.

The Bankruptcy Court's determination was also consistent with other courts that have found TERI was, in fact, a "nonprofit institution" for the purposes of Section 523(a)(8). *See, e.g.*, FFCL, ECF No. 1-2, 12 (citing *In re Hammarstrom*, 95 B.R. 160, 166 (Bankr. N.D. Cal. 1989); *In re O'Brien*, 419 F.3d 104, 105 (2d Cir. 2005); *In re Rodriguez*, 319 B.R. 894, 895 (Bankr. M.D. Fla. 2005) *and In re Martin*, 119 B.R. 259, 260 (Bankr. E.D. Okla. 1990)). In response to this litany of cases, Medina argues TERI was not a *bona fide* nonprofit, but instead was designed only to enhance the profitability of a for-profit corporation. ECF No. 8, 39-40. The Bankruptcy Court considered this argument, but ultimately rejected it. FFCL, ECF No. 1-2, 12. In so doing, the Bankruptcy Court applied the correct test: It (1) required the Trust to come forward with evidence that TERI was a nonprofit institution, (2) evaluated the evidence brought forward, and (3) looked to see if Medina raised any contrary evidence creating a material issue of fact. *Id*. The Bankruptcy Court then correctly concluded, based on the record before it, that no such issue existed.

The Court is sympathetic to Medina's allegations here. When Congress first enacted Section 523(a)(8), there was a genuine concern that allowing education loans to be discharged would incentivize recent graduates to immediately declare bankruptcy upon graduation, threatening the solvency of student loan funds for future students. *See In re Golden*, 179 B.R. at 938. Today, it may be that the bigger concern is for-profit lenders leveraging relationships with sham "nonprofit institutions" to ensure the

"education loans" these for-profit lenders provide are non-dischargeable pursuant to Section 523(a)(8). But that allegation requires evidence never presented to the Bankruptcy Court, and as a result, not before this Court now. Accordingly, the Court holds the Bankruptcy Court correctly found TERI to be a "nonprofit institution" for the purposes of Section 523(a)(8).

> **B.** **The Bankruptcy Court did not err in determining whether TERI actually guaranteed the relevant loan program**

The Bankruptcy Court found that (1) TERI guaranteed Medina's loan program and (2) the guarantee was "funding" of that loan program for purposes of Section 523(a)(8). FFCL, ECF No. 1-2, 9. Medina argues the Bankruptcy Court erroneously (1) found Medina's loan program was guaranteed by TERI and (2) concluded TERI's guarantee constituted "funding" for purposes of Section 523(a)(8). Appellant's Br., ECF No. 8, 14. The Court reviews the Bankruptcy Court's finding of fact for clear error and its conclusion of law de novo. *In re JTS Corp.*, 617 F.3d at 1109.

> **1.** ***TERI guaranteed Medina's loan program***

Medina makes three arguments as to why the Bankruptcy Court erred in finding TERI guaranteed the Loan. Appellant's Br., ECF No. 8, 28. First, she argues Medina's loan program was not guaranteed by TERI at the time Medina filed for bankruptcy. *Id*. Second, she contends there is a material issue of fact as to whether TERI ever actually guaranteed any of the loans in the loan program. *Id*. Third, she argues there is an incomplete chain of title with respect to the Loan, such that the Loan was "never bound by the Trust Agreement between TERI and the Trust." *Id*. The Court addresses Medina's arguments in turn.

First, the Court disagrees with Medina that it should look to the date she filed for bankruptcy to make the dischargeability determination instead of the date the Loan was made. Section 523(a)(8) provides for non-dischargeability for a "loan . . . *made* under any program funded in whole or in part by a governmental unit or nonprofit institution." 11 U.S.C. § 523(a)(8)(A)(i) (emphasis added). The plain text of the statute points to the

time at which the loan was made, not a hypothetical future date at which a borrower may file for bankruptcy. *See, e.g.*, *Carcieri v. Salazar*, 555 U.S. 379, 387 (2009) (providing that if a statute is plain and unambiguous, courts "must apply the statute according to its terms"). Adopting Medina's proposed date for dischargeability would therefore be contrary to the plain text of the statute. Accordingly, the Bankruptcy Court correctly looked to the date the Loan was made in determining whether TERI guaranteed the loan for purposes of Section 523(a)(8).

Second, the Court finds no genuine issue of material fact exists as to whether TERI actually guaranteed loans made under Medina's loan program. The Bankruptcy Court found that TERI actually guaranteed those loans, relying on competent evidence that Medina does not challenge in this appeal. FFCL, ECF No. 1-2, 6. Instead of challenging that evidence relied upon by the Bankruptcy Court, Medina points to other alleged infirmities in the Trust's evidence that TERI guaranteed the Loan. Appellant's Br., ECF No. 8, 44-45. However, these arguments miss the mark because (1) they highlight only immaterial issues to the Bankruptcy Court's findings and (2) more importantly, nothing in the statute requires TERI's guarantee of the loan program to be unconditional. *See* 11 U.S.C. § 523(a)(8)(A)(i). Put differently, this is a red herring. Accordingly, there is no genuine issue of material fact as to whether TERI actually guaranteed the Loan or the loan program.

Third, the Court finds the Bankruptcy Court did not commit clear error in its determination that the Trust is the current holder of the Loan. The Bankruptcy Court based its decision on competent evidence before it. Following the Bankruptcy Court's decision granting summary judgment to the Trust, the Bankruptcy Court required the Trust to submit proposed findings of fact and conclusions of law. AP, ECF No. 77. The Trust did so. AP, ECF No. 80. Medina then had an opportunity to object to those proposed findings of fact and did so by submitting objections and proposed changes. AP, ECF No. 82. Those objections and proposed changes do not address the Bankruptcy Court's finding that the Trust currently holds the Loan or indicate in any way that Medina

disagreed with that finding. *See id.* "[A] party may not raise new issues on appeal after declining to present those facts before the trial court." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). Moreover, the Court does not find the Bankruptcy Court's decision clearly erroneous. Accordingly, the Court does not find the asserted chain of title issues to be grounds for reversal here.

## 2. *TERI's guarantee constituted funding pursuant to Section 523(a)(8)*

Medina also argues the Bankruptcy Court incorrectly determined TERI's guarantee of Medina's loan program constituted "funding" of the Loan for purposes of Section 523(a)(8). Appellant's Br., ECF No. 8, 14-27. In support, Medina makes detailed and compelling arguments for how case law in this area has strayed from a correct statutory interpretation. *Id.* She also raises cogent policy concerns about how commercial credit agreements can be disguised as non-dischargeable educational loans to the detriment of many young adults. *Id.* at 19.

The Bankruptcy Court concluded TERI's guaranty of Medina's loan program constituted funding within the meaning of Section 523(a)(8) because "[w]ithout TERI's guaranty to purchase defaulted loans from the program, the loans would not have been made." FFCL, ECF No. 1-2, 9. In reaching this conclusion, the Bankruptcy Court relied on several other courts that have confronted the same issue. *See, e.g.*, *In re O'Brien*, 419 F.3d 104 (2d Cir. 2005); *In re Pilcher*, 149 B.R. 595, 600 (B.A.P. 9th Cir. 1993); *In re Merchant*, 958 F.2d 738, 740 (6th Cir. 1992); *In re Taratuska*, Case No. 07-11938-RCL, 2008 WL 4826279, at *6 (D. Mass. Aug. 25, 2008) (reversing the bankruptcy court's ruling that TERI's guaranty did not constitute funding under Section 523(a)(8)(A)(i)). These cases and the Bankruptcy Code wrestle with competing principles: Protecting lenders by allowing these non-profit guarantees to qualify as "funding" increases the availability of funds for higher education while simultaneously increasing the risk commercial lenders will take advantage of borrowers by leveraging relationships with sham "nonprofits" to exploit Section 523(a)(8)'s non-dischargeability provision. While the Court empathizes with this dilemma, the Bankruptcy Court's cited cases are well-

reasoned and thoughtful. Accordingly, the Court finds the Bankruptcy Court reached the correct conclusion. TERI's guaranty of Medina's loan program constitutes "funding" for the purposes of Section 523(a)(8).

### C. The Bankruptcy Court correctly determined the Loan is an educational loan subject to Section 523(a)(8)(A)(i)

Medina's challenge to the Bankruptcy Court's legal conclusion is predicated on the arguments previously discussed and dismissed by the Court. *See* Appellant's Br., ECF No. 8, 22-23. As those issues and determinations are not disturbed here, the Court also affirms the Bankruptcy Court's conclusion that the Loan is an educational loan subject to Section 523(a)(8)(A)(i). Because the Loan is subject to Section 523(a)(8)(A)(i), the Bankruptcy Court did not err in finding the Loan is non-dischargeable.

## IV. CONCLUSION

The Bankruptcy Court's Judgment dated September 10, 2020 is **AFFIRMED**, and the appeal is dismissed.

**IT IS SO ORDERED.**

DATED: April 19, 2021

_____
**Hon. Roger T. Benitez**
United States District Court